# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2792

_____

Daniel O., a minor, by next friend,    *
Dan O. and Rhonda O.,    *
   *
        Appellant,    *
   *
     v.    *   Appeal from the United States
   *   District Court for the Western
Missouri State Board of Education;    *   District of Missouri.
Missouri Department of Elementary and   *
Secondary Education; State School for    *       [UNPUBLISHED]
the Severely Handicapped; Kearney R-1   *
School District,    *
   *
        Appellees.    *

_____

Submitted: April 10, 2000

Filed: April 19, 2000

_____

Before McMILLIAN and FAGG, Circuit Judges, and ROSENBAUM,[*] District Judge.

_____

PER CURIAM.

_____

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

Daniel O., a severely disabled child, is eligible for special education services under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1487. Because of his seizures and the associated risk of head injury, Daniel does not attend public school but receives public school instruction in his home for thirty hours per week. Daniel's parents asked his teacher to administer Daniel's medication to him so they could leave home during his instruction. Their request was denied based on the state's requirement that a parent or other qualified adult (besides the teacher) remain in the home during a student's homebound instruction. After exhausting administrative remedies, Daniel's parents brought this action alleging a violation of the IDEA and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The district court dismissed Daniel's parents' complaint for failure to state a claim, and Daniel's parents appeal. Having carefully reviewed the case, we agree with the district court's conclusions: the IDEA does not prohibit the state's requirement that a parent or other qualified adult remain in the home during a student's homebound instruction; because Daniel's parents must be present and thus can administer his medication, the IDEA does not require the instructor to administer it; and Daniel's parents cannot show he has been discriminated against in violation of the Rehabilitation Act. The district court thoroughly addressed the issues that Daniel's parents raise on appeal, and we have nothing to add to the district court's analysis. We thus affirm without further discussion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.